IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER A. GOBER,

        Plaintiff,

  v.

DEPARTMENT OF COMMUNITY CORRECTION,
the Department of Corrections;
MR. ERIC SWANSON, Officer #12111;
WARDEN JAMES SCHWOCHERT;
MRS. JESSICA STANDKE and
MRS. P. HACKBARTH of Dodge Correctional,

        Defendants.

ORDER

12-cv-358-slc

---

    Plaintiff Christopher Gober, a prisoner at Dodge Correctional Institution in Waupun, Wisconsin, has submitted a proposed complaint. He requests leave to proceed *in forma pauperis*. A decision on the request will be delayed until plaintiff pays an initial partial payment of the $350 filing fee as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act. Plaintiff's initial partial payment cannot be calculated at this time because he has not submitted a certified copy of his six-month trust fund account statement with his complaint and it is not clear when he came to be in the custody of the Wisconsin Department of Corrections.

    Included with plaintiff's complaint is a one-month trust fund account statement for the month of March, 2012. However, to calculate plaintiff's filing fee, the court will need a trust fund account statement which covers the entire period that he has been in custody for the six-month period preceding the filing of his complaint. Plaintiff's complaint was filed on May 14, 2012. His trust fund account statement should cover the six-month period beginning approximately November 14, 2011, or whenever he came to be in the custody of the Department of Corrections, and ending approximately May 14, 2012. Under 28 U.S.C. § 1915(a)(2), when a prisoner is incarcerated at one or more institutions during the six-month period immediately

preceding the filing of his lawsuit, he must obtain a trust fund account statement "from the appropriate official of each prison at which [he] is or was confined" during the relevant period. Therefore, if plaintiff was incarcerated at any other institution, in addition to Dodge Correctional Institution, between November 14, 2011 and May 14, 2012, he will have to write to that institution, to request a certified copy of his trust fund account statement for the relevant period. Once plaintiff has submitted the necessary statement(s), I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2). Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send a copy of plaintiff's six-month trust fund account statement to this court.

ORDER

IT IS ORDERED that plaintiff Christopher Gober may have until June 15, 2012, in which to submit a certified copy of his trust fund account statement(s) for the period beginning approximately November 14, 2011, or when he came to be in the custody of the Department of Corrections, and ending approximately May 14, 2012. If, by June 15, 2012, plaintiff fails to respond to this order, I will assume that he wishes to withdraw this action voluntarily. In that event, the clerk of court is directed to close this case without prejudice to plaintiff's filing his case at a later date.

Entered this 18th day of May, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge